RECEIVED
USDC. CLERK, CHARLESTON, SC

2009 JAN 14   P 2: 35

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Johnny Lee Gore, FCDC # 3037797,     ) C/A No. 2:09-37-HMH-RSC
(BOP # 12801-050),                    )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   ) Report and Recommendation
                                      )
U.S. Department of Justice Drug       )
Enforcement Administration, and       )
Office of the U.S. Attorney, State of )
South Carolina,                       )
                                      )
                    Defendants.       )

This is a civil action filed *pro se* by a federal prison inmate.[1] Plaintiff asks the Court to order two federal agencies (DEA and DOJ) to expedite their responses to Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests that he made in October 2008. He claims that the responses are urgently needed for certain litigation that Plaintiff alleges is ongoing. Plaintiff makes no claim that the agencies' alleged lack of compliance with the FOIA places him in imminent danger of serious physical injury. He has not paid the $ 350.00 filing fee, but, rather, asks this Court to permit him to proceed in forma pauperis. (Entry 2).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is not necessary for the Court to reach the issues presented in Plaintiff's Complaint because it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g)(the three-strikes provision of

the Prison Litigation Reform Act].[2] It is judicially noticed that this Plaintiff has filed three (3) prior frivolous cases in this Court since 2003, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:07-2624; 2:05-0091; 3:03-0012.

The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil litigation. See 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); cf. In re Sargent, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury." As previously noted, there are no allegations in the Complaint filed in this case, as clearly there could

---

[2] 28 U.S.C. § 1915(g) provides:

> (g) in no event shall a prisoner bring *a civil action* or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added).

be none given the nature of the claims, that Plaintiff is "under imminent danger of serious physical injury" (as required under 28 U.S.C. § 1915(g) for a struck-out prisoner to proceed *in forma pauperis* with civil litigation in federal court) as a result of the Defendants' alleged delay in response to his FOIA requests. Accordingly, Plaintiff is barred by the three-strikes rule from pursuing any of the claims contained in his Complaint in this Court without first paying the full $ 350.00 filing fee.

### Recommendation

It is recommended that the District Court deny the Motion for Leave to Proceed *in forma pauperis* filed in this case (Entry 2) because, as shown above, Plaintiff is barred by the three-strikes rule from seeking *in forma pauperis* status in this case.

It is further recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Robert S. Carr
United States Magistrate Judge

January 14, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).